**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA PENA, Individually, and on behalf of all other similarly situated consumers,<br><br>        Plaintiff,<br><br>    vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendant. | Case Nos.:    8:22-cv-01115-SSS-ADS<br>                       8:22-cv-01222-SSS-ADS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth] |

## I.    PURPOSES AND LIMITATIONS

A.    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items

that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**II.    GOOD CAUSE STATEMENT**

A.      This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, trade secrets, confidential research, development, technology, or other proprietary or financial information belonging to Experian, as well as personal income, credit, or other confidential information of Plaintiff, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a

good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**III.    DEFINITIONS**

A.    <u>Action</u>:  *Pena v. Experian Information Solutions, Inc.*, Case No. 8:22-cv-01115-SSS-ADS (consolidated with 8:22-cv-01222-SSS-ADS).

B.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.    <u>"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  Additionally, material so designated shall be reasonably believed by the Designating Party to be so competitively or otherwise sensitive that it is entitled to extraordinary protections.

E. <u>Counsel</u> :  Outside Counsel of Record and House Counsel (as well as their support staff).

F.    <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

G.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I.    House Counsel:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.      <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

P.      <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.   SCOPE

A.      The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.      Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.   DURATION

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  If the case proceeds to trial, the parties will address the confidentiality of documents produced in this matter in advance of trial.

## VI.   DESIGNATING PROTECTED MATERIAL

A.      Exercise of Restraint and Care in Designating Material for Protection

1.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items,

1    or oral or written communications that qualify so that other portions of the

2    material, documents, items, or communications for which protection is not

3    warranted are not swept unjustifiably within the ambit of this Order.

4        2.    Mass, indiscriminate, or routinized designations are prohibited.

5    Designations that are shown to be clearly unjustified or that have been made for

6    an improper purpose (e.g., to unnecessarily encumber the case development

7    process or to impose unnecessary expenses and burdens on other parties) may

8    expose the Designating Party to sanctions.

9        3.    If it comes to a Designating Party's attention that information or items that

10   it designated for protection do not qualify for protection, that Designating Party

11   must promptly notify all other Parties that it is withdrawing the inapplicable

12   designation.

13   B.    Manner and Timing of Designations

14       1.    Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b)

15   below), or as otherwise stipulated or ordered, Disclosure or Discovery Material

16   that qualifies for protection under this Order must be clearly so designated before

17   the material is disclosed or produced.

18       2.    Designation in conformity with this Order requires the following:

19           a.    For information in documentary form (e.g., paper or electronic

20       documents, but excluding transcripts of depositions or other pretrial or

21       trial proceedings), that the Producing Party affix at a minimum, the legend

22       "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or

23       "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (hereinafter

24

1    "HIGHLY CONFIDENTIAL legend"), to each page that contains

2    Protected Material.  If electronic information is produced in a format such

3    that it is impractical to affix a confidentiality legend in such manner, the

4    Producing Party shall clearly identify the Protected Material in another

5    manner (e.g., by including "CONFIDENTIAL" or "HIGHLY

6    CONFIDENTIAL" in the file name).  If only a portion or portions of the

7    material on a page qualifies for protection, the Producing Party also must

8    clearly identify the protected portion(s) (e.g., by making appropriate

9    markings in the margins).

10   b.       A Party or Non-Party that makes original documents available for

11   inspection need not designate them for protection until after the inspecting

12   Party has indicated which documents it would like copied and produced.

13   During the inspection and before the designation, all of the material made

14   available for inspection shall be deemed "CONFIDENTIAL."  After the

15   inspecting Party has identified the documents it wants copied and

16   produced, the Producing Party must determine which documents, or

17   portions thereof, qualify for protection under this Order.  Then, before

18   producing the specified documents, the Producing Party must affix the

19   "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to

20   each page that contains Protected Material.  If only a portion or portions of

21   the material on a page qualifies for protection, the Producing Party also

22   must clearly identify the protected portion(s) (e.g., by making appropriate

23   markings in the margins).

24

c.     For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  When it is impractical to identify on the record separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may within 21 days after the close of the deposition, hearing, or other proceeding identify the specific portions of the testimony as to which protection is sought by notifying the court reporter and all Parties, in writing. A Designating Party may also specify, at the deposition, hearing, or other proceeding or up to 21 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only individuals who are authorized to access such Protected Material under section 7 are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.  A deposition exhibit shall be treated as Protected Material to the extent that the underlying document has been so designated without the need for the Designating Party to re-designate the exhibit.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and

1  the title page shall be followed by a list of all pages (including line

2  numbers as appropriate) and exhibits that have been designated as

3  Protected Material. The Designating Party shall inform the court reporter

4  of these requirements. Any transcript that is prepared before the expiration

5  of the 21-day period for designation shall be treated during that period as

6  if it had been designated as "HIGHLY CONFIDENTIAL" in its entirety

7  unless otherwise agreed. After the expiration of that period, the transcript

8  shall be treated only as actually designated.

9       d.     For information produced in form other than document and for any

10  other tangible items, that the Producing Party affix in a prominent place on

11  the exterior of the container or containers in which the information is

12  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

13  If only a portion or portions of the information warrants protection, the

14  Producing Party, to the extent practicable, shall identify the protected

15  portion(s).

16  C.     Inadvertent Failure to Designate

17       1.     If timely corrected, an inadvertent failure to designate qualified

18  information or items does not, standing alone, waive the Designating Party's right

19  to secure protection under this Order for such material.  Upon timely correction of

20  a designation, the Receiving Party must make reasonable efforts to assure that the

21  material is treated in accordance with the provisions of this Order.

22

23

24

**VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    A.   Timing of Challenges

        1.   Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    B.   Meet and Confer

        1.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    C.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

    A.   Basic Principles

        1.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.  Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order, and those

persons are enjoined from disclosing same to any other person except as provided

herein, and are further enjoined from using same except in the preparation for and

trial of the above-captioned action between the named parties thereto.  When the

Action has been terminated, a Receiving Party must comply with the provisions

of Section XIV below.

2.      Protected Material must be stored and maintained by a Receiving Party at

a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

B.      Disclosure of "CONFIDENTIAL" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item

designated "CONFIDENTIAL" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action,

as well as employees of said Outside Counsel of Record to whom it is

reasonably necessary to disclose the information for this Action;

b.      The officers, directors, and employees (including House Counsel)

of the Receiving Party to whom disclosure is reasonably necessary for this

Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

1        e.      Court reporters and their staff;

2        f.      Professional jury or trial consultants, mock jurors, and Professional

3 Vendors to whom disclosure is reasonably necessary for this Action and

4 who have signed the "Acknowledgment and Agreement to be Bound"

5 attached as Exhibit A hereto;

6        g.      The author or recipient of a document containing the information

7 or a custodian or other person who otherwise possessed or knew the

8 information;

9        h.      During their depositions and for purposes of reviewing their

10 deposition transcripts, witnesses, and attorneys for witnesses, in the Action

11 to whom disclosure is reasonably necessary provided: (i) the deposing

12 party requests that the witness sign the "Acknowledgment and Agreement

13 to Be Bound;" and (ii) they will not be permitted to keep any confidential

14 information unless they sign the "Acknowledgment and Agreement to Be

15 Bound," unless otherwise agreed by the Designating Party or ordered by

16 the Court.  Pages of transcribed deposition testimony or exhibits to

17 depositions that reveal Protected Material may be separately bound by the

18 court reporter and may not be disclosed to anyone except as permitted

19 under this Stipulated Protective Order; and

20 i. During their depositions and for purposes of reviewing their deposition

21 transcripts, present or former employees of the Producing Party in

22 connection with their depositions in this action (provided that no former

23

24

1    employees shall be shown documents prepared after the date of his or her

2    departure)

3    j. Any mediator or settlement officer, and their supporting personnel,

4    mutually agreed upon by any of the parties engaged in settlement

5    discussions.

6    k. Such other persons as Counsel for the Designating Party agrees in

7    advance or as ordered by the Court.

8    C.    Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

9    Information or Items

10    1.    Unless otherwise ordered by the Court or permitted in writing by the

11    Designating Party, a Receiving Party may disclose any information or item

12    designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" only to:

13    a.    The Receiving Party's Counsel, as well as employees of said Counsel

14    to whom it is reasonably necessary to disclose the information for this

15    Action;

16    b.    The Court and its personnel;

17    c.    Experts (as defined in this Order) of the Receiving Party to whom

18    disclosure is reasonably necessary for this Action and who have signed

19    the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20    d.    Court reporters and their staff;

21    e.    Professional jury or trial consultants, mock jurors, and Professional

22    Vendors to whom disclosure is reasonably necessary for this Action

23

24

and who have signed the "Acknowledgment and Agreement to be

Bound" attached as Exhibit A hereto; and

    f.   The author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the

information.

## IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL," that Party must:

    1.   Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    2.   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

    3.   Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear

the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

C.      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be

established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**XIII.   MISCELLANEOUS**

A.     Right to Further Relief

1.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     Right to Assert Other Objections

1.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.     Filing Protected Material

1.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the

1   Receiving Party may file the information in the public record unless otherwise

2   instructed by the Court.

3   **XIV.   FINAL DISPOSITION**

4   A.      After the final disposition of this Action, as defined in Section V, within sixty

5   (60) days of a written request by the Designating Party, each Receiving Party must return

6   all Protected Material to the Producing Party or destroy such material.  As used in this

7   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8   summaries, and any other format reproducing or capturing any of the Protected Material.

9   Whether the Protected Material is returned or destroyed, the Receiving Party must submit

10  a written certification to the Producing Party (and, if not the same person or entity, to the

11  Designating Party) by the 60 day deadline that (1) identifies (by category, where

12  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that

13  the Receiving Party has not retained any copies, abstracts, compilations, summaries or

14  any other format reproducing or capturing any of the Protected Material.

15  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

16  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

17  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

18  consultant and expert work product, even if such materials contain Protected Material.

19  Any such archival copies that contain or constitute Protected Material remain subject to

20  this Protective Order as set forth in Section V.

21  B.      Any violation of this Order may be punished by any and all appropriate measures

22  including, without limitation, contempt proceedings and/or monetary sanctions.

23

24

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 23, 2024          JONES DAY

                                 By: */s/ Ryan D. Ball*

                                 Attorneys for Defendant

Dated: January 23, 2024          FRANCIS MAILMAN SOUMILAS, P.C.

                                 By: */s/ John Soumilas*

                                 Attorneys for Plaintiff

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  01/24/2024                    /s/ Autumn D. Spaeth
                                 HONORABLE AUTUMN D. SPAETH
                                 United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issue by the United States

District Court for the Central District of California on [DATE] in the case of _____

_____ [insert formal name of the case and the number and initials assigned to it by the

Court].  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.  I hereby

appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

## <u>SIGNATURE ATTESTATION</u>

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that all other signatories listed, on whose behalf this filing is submitted, concur with the contents of the filing and have authorized the filing.

Dated: January 23, 2024                        JONES DAY

                                                            By: */s/ Ryan D. Ball*

                                                            Attorneys for Defendant